## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHNSON MEMORIAL HOSPITAL, INC. ) | Chapter 11 |
| HOSPITAL, INC. ) | |
| JOHNSON MEMORIAL CORPORATION, ) | Case No.08-22187 - |
| THE JOHNSON EVERGREEN CORPORATION ) | 08-22189 |
| ) | |
| Debtors, ) | Jointly Administered |
| ) | Under 08-22188 (ASD) |
| ———————————————————— ) | |
| ) | |
| JOHNSON MEMORIAL HOSPITAL, INC. ) | |
| THROUGH CLIFFORD A. ZUCKER, ) | |
| PLAN CUSTODIAN ) | Adv. Pro.No.10-02350 |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| ) | |
| FAVORITE HEALTHCARE STAFFING, INC. ) | |
| ) | |
| Defendant, ) | |
| ———————————————————— ) | |

### ANSWER OF FAVORITE
### HEALTHCARE STAFFING, INC.
### TO COMPLAINT

Favorite Healthcare Staffing, Inc. (the "Defendant") hereby answers the Plaintiff's complaint by way of numbered paragraphs, which correspond to the numbered paragraphs of the Plaintiff's complaint.

1. The Defendant admits the complaint seeks to avoid and recover alleged preferential transfers, defendant denies the remaining allegations contained in paragraph no. 1.

2. The Defendant admits the allegations contained in paragraph no. 2.

3. The Defendant admits the allegations contained in paragraph no. 3.

4. The Defendant admits the allegations contained in paragraph no. 4.

5. The Defendant admits the allegations contained in paragraph no. 5.

6. The Defendant admits the allegations contained in paragraph no. 6.

7. The Defendant admits the allegations contained in paragraph no.7.

8. The Defendant admits the allegations contained in paragraph no.8.

9. The Defendant admits the allegations contained in paragraph no.9.

## <u>COUNT I</u>

10. The Defendant repeats and realleges its answers and responses contained in paragraphs no. 1 - no. 9 herein.

11. The Defendant admits the allegations contained in paragraph no.11

12. The Defendant admits the allegations contained in paragraph no.12

13. The Defendant admits the allegations contained in paragraph no.13.

14. The allegations contained in paragraph no. 14. do not assert allegations of fact or alternatively assert conclusions of law to which no answer is required, to the extent an answer is deemed required then the defendant denies the allegations contained in paragraph no. 14.

15. The Defendant admits the allegations contained in paragraph no. 15.

16. The allegations contained in paragraph no. 16. assert conclusions of law to which no answer is required, to the extent an answer is deemed required then the defendant denies the allegations contained in paragraph no. 16.

17. The allegations contained in paragraph no. 17. assert conclusions of law to which no answer is required, to the extent an answer is deemed required then the defendant denies the allegations contained in paragraph no. 17.

18. The allegations contained in paragraph no. 18. assert conclusions of law to which no answer is required, to the extent an answer is deemed required then the defendant denies the allegations contained in paragraph no. 18.

19. The allegations contained in paragraph no. 19. assert conclusions of law to which no answer is required, to the extent an answer is deemed required then the defendant denies the allegations contained in paragraph no. 19.

20. The Defendant denies the allegations contained in paragraph no. 20.

## COUNT II

21. The Defendant repeats and realleges its answers and responses contained in paragraphs no. 1 - no. 20 herein.

22. The Defendant denies the allegations contained in paragraph no. 22.

23.  The Defendant denies the allegations contained in paragraph no. 23.

## COUNT III

24. The Defendant repeats and realleges its answers and responses contained in paragraphs no. 1 - no. 23 herein.

25. The Defendant denies the allegations contained in paragraph no. 25.

26. The Defendant denies the allegations contained in paragraph no. 26.

27. The Defendant admits it has not paid the amount of the alleged transfers but denies the remaining allegations contained in paragraph no. 27.

28. The Defendant denies the allegations contained in paragraph no. 28.

29. The Defendant denies the allegations contained in paragraph no. 29.

## DEFENDANT'S AFFIRMATIVE DEFENSES

## THE SUBJECT PAYMENTS WERE MADE IN THE ORDINARY COURSE OF THE PARTIES' BUSINESS

The payments from the Debtor to the Defendant were payments made in the ordinary course of the Debtor and the Defendant's business and as a result are not preferential payments pursuant to 11 U.S.C. sec. 547(c) (2).

## THE DEFENDANT PROVIDED NEW VALUE TO THE DEBTOR SUBSEQUENT TO PAYMENT OF ONE OF THE SUBJECT PAYMENTS

Subsequent to each of the Debtor's payments to the Defendant, the Defendant extended unsecured "new value" to the Debtor, which remains unpaid, in an amount to be established at trial in this matter. Debtor did not make an otherwise unavoidable transfer to the Defendant on account of said new value. As a result of said "new value", the Defendant is, pursuant to 11 U.S.C. sec. 547 (c) (4), entitled to "offset" and "net out" the alleged preferential payments.

## UNDER THE EQUITABLE PRINCIPLE OF RECOUPMENT, THE DEFENDANT IS ENTITLED TO OFFSET ANY ALLEGED PREFERENTIAL TRANSFER BY ANY AND ALL PRE AND POST PETITION OBLIGATIONS OF THE DEBTOR TO THE DEFENDANT

The business relationship amongst and between the Debtor and the Defendant constituted a single transaction and as a result the Defendant is entitled to assert and offset any and all pre and post-petition obligations of the Debtor as against any asserted pre-petition preferential payment allegedly received by the Defendant.

Wherefore, the Defendant respectfully prays this Court that the Plaintiff's Claims and Counts asserted against the Defendant be denied, that the Plaintiff's complaint be dismissed with prejudice and the Defendant recover nothing form the Defendant.

Dated: 1/22/11                          Favorite Healthcare Staffing, Inc.
                                        By Its Counsel

                                        s/s David J. Noonan, Esq.
                                        228 Triangle Street
                                        Amherst, MA 01002
                                        Tel. 413-549-5491
                                        Fax: 413-549-5156
                                        Email:NOONAN@Law-djn.com
                                        BBO # 373260


                                        s/s David Lavenburg, Esq.
                                        Kroll, McNamara, Evans & Delehanty
                                        29 South Main Street
                                        West Hartford, CT 06107
                                        Tel. 860-561-7070
                                        Fax: 860-561-7075
                                        Email DLavenburg@kmelaw.com
                                        Federal Bar No. CT09694


## CERTIFICATE OF SERVICE

I, DAVID J. NOONAN, ESQ., hereby certify that on the 25th day of January 2011 the herein ANSWER OF FAVORITE HEALTHCARE STAFFING, INC. TO COMPLAINT was served by electronic notice to the following list of attorneys who are currently on the list to receive e-mail notices for this adversary proceeding.

**Electronic Notice List**

Kellianne Baranowsky, Esq.  kbaranowsky@zeislaw.com